**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF NEW JERSEY**

**MAMADOU SOW**

Plaintiff

**vs.**

**AMAZON.COM, INC.**
**410 Terry Ave N**
**Seattle, WA 98109**

**AMAZON.COM SERVICES, LLC**
**410 Terry Ave N**
**Seattle, WA 98109**

**AMAZON LOGISTICS, INC.**
**410 Terry Ave N**
**Seattle, WA 98109**

Defendants

**Case No. 26-9856**

**Jury Demanded**

**CIVIL COMPLAINT**

**PRELIMINARY STATEMENT**

1. The Plaintiff, Mamadou Sow is the epitome of the American Dream. Born in Guinea, he legally emigrated to the United States of America in search of the American Dream. Since arriving in America, he has worked hard and lived as a law-abiding citizen. Mr. Sow settled in Philadelphia, Pennsylvania and began working full time for the Defendants at the Amazon Fulfillment Center in Mantua, New Jersey. In his free time and to earn extra money, Mr. Sow also worked as a driver for LYFT, a popular rideshare company. In 2025, Mr. Sow was wrongly and falsely arrested and prosecuted for offenses involving the theft of a motor vehicle. Specifically, on October 6, 2025, Mantua Police began an investigation of a stolen vehicle located in the parking lot of the Amazon Fulfillment Center in Mantua, Gloucester County, New Jersey. Officers approached employees, agents, contractors, servants and/or individuals with

actual or apparent authority to act on behalf of Defendants and advised that a stolen vehicle was located in the parking lot. The individuals then advised – quite incorrectly - that the employee who drove and exited the vehicle was the Plaintiff, Mamadou Sow. On information and belief, sensitive or otherwise private information about Mamadou Sow was shared with the police as well. This furnished law enforcement with probable cause to believe that Plaintiff committed or was committing one or more crimes and caused police to issue a warrant for Plaintiff's arrest.

2. The Defendants, Amazon.com, Inc., Amazon.com Services, LLC, and Amazon Logistics, Inc. (hereinafter referred to as "Amazon Defendants"), are business organizations licensed to conduct business in New Jersey and at all relevant times owned and operated the Amazon Fulfillment Center located at 240 Mantua Grove Road in West Deptford, New Jersey.

3. At all relevant times, the Amazon Defendants were citizens of the State of Washington but in fact maintained purposeful contacts with and conducted meaningful business activities in the District of New Jersey and are accordingly subject to suit in this Court.

4. Moreover, all relevant conduct and transactions at issue in this Complaint occurred in the District of New Jersey.

5. At all relevant times, the Amazon Defendants were operating individually and/or through their employee(s), contractor(s), servant(s), agent(s) and/or those acting with individual or apparent authority (collectively referred to hereinafter as "employees").

6. As such, the Amazon Defendants are being sued individually and under theories of *respondeat superior*, agency and/or vicarious liability.

7. Plaintiff was arrested by Mantua Police on the strength of the information received from the Amazon defendants and/or their employees.

8. Plaintiff was charged with and prosecuted for violating provisions of Title 2C of

the New Jersey Consolidated Statutes

9. Plaintiff incurred the expense of hiring a defense attorney and endured the stress and aggravation of defending criminal charges.

10. Plaintiff's reputation was impacted and he has lost (and continues to lose) income as a result of this incident.

11. After several months, all charges against the Plaintiff were dismissed by the Prosecutor's Office, thereby terminating the criminal proceedings in his favor.

12. Mr. Sow's physical well-being and integrity are not at issue in this case.

13. Rather, this case concerns the violation of personal liberty and damage to his reputation, not physical bodily harm.

**Count 1: Negligence**
**Mamadou Sow v. All Defendants**

14. Plaintiff reincorporates all preceding paragraphs.

15. Amazon, by and through its employees, servants, workmen, agents, contractors and/or those acting with actual and/or apparent authority communicated false, incorrect, misleading and/or defamatory information to law enforcement, to wit, that Plaintiff Mamadou Sow was in possession of and operating a stolen motor vehicle.

16. This action was done negligently, knowingly and/or recklessly insofar as Amazon Defendants and/or their employees, *inter alia*,:

a. failed to reasonably ascertaining who in fact operated the stolen vehicle;

b. failed to ascertain the correct information requested by law enforcement and providing false information about Plaintiff to law enforcement;

c. failed to conduct a proper investigation;

d. failed to provide law enforcement with accurate and

complete information;

e. conducted an incomplete, misguided, negligent or improper investigation;

f. failed to fully consult employment records before answering law enforcement inquiries;

g. failed to protect Plaintiff's privacy rights;

h. provided law enforcement with information in violation of the employment contract or agreement with Plaintiff and potentially in violation of local, state or federal law;

i. identified the incorrect person;

j. provided the wrong information to law enforcement; and/or

k. acted recklessly, carelessly and/or unrighteously with respect to an obvious risk that their conduct would likely cause harm to an employee; and

17. As a direct and proximate result of the above negligent, reckless and/or outrageous behavior, Plaintiff was arrested and prosecuted for numerous criminal offenses.

18. Plaintiff was in fact innocent of said criminal conduct and the proceedings in fact terminated in his favor.

19. Plaintiff suffered financial damage and damage to his reputation as a result of the Defendants' conduct.

20. What's more, the alleged negligence caused the wrongful arrest and prosecution of the Plaintiff.

**WHEREFORE**, Plaintiff, Mamadou Sow requests judgment against the Amazon Defendants for compensatory damages, punitive damages, and any other amount recoverable under the law, said amount being in excess of $75,000.00.

**Count 2: Defamation**
**Mamadou Sow v. All Defendants**

21. Plaintiff reincorporates all preceding paragraphs.

22. The Amazon Defendants and/or their employees asserted one or more false and defamatory statements concerning the Plaintiff Mamadou Sow, *viz.*, that Plaintiff was engaged in the criminal possession and use of a stolen vehicle on the premises of the Amazon Fulfillment Center in Mantua, New Jersey.

23. Said statement(s) may have been defamatory *per se.*

24. Said statement(s) was in fact published to a third party(s) including but not limited to one or more law enforcement officials.

25. Said publication was unprivileged.

26. The Amazon Defendants were at the very least negligent in publishing the statement(s) in question.

27. Plaintiff suffered emotional damage, financial damage and damage to his reputation as a result of the Defendants' conduct.

28. What's more, the defamatory statement(s) caused the wrongful arrest and prosecution of the Plaintiff.

**WHEREFORE**, Plaintiff, Mamadou Sow requests judgment against the Amazon Defendants for compensatory damages, punitive damages, and any other amount recoverable under the law, said amount being in excess of $75,000.00.

**Count 3: False Light**
**<u>Mamadou Sow v. All Defendants</u>**

29. Plaintiff reincorporates all preceding paragraphs.

30. The Amazon Defendants and/or their employees placed Mr. Sow in a false light which would be highly offensive to a reasonable person.

31. The Amazon Defendants and/or their employees had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Mr. Sow

was placed.

32. The Amazon Defendants and/or their employees made a major misrepresentation of the Plaintiff's character, history and/or activities.

33. Plaintiff suffered emotional damage, financial damage and damage to his reputation as a result of the Defendants' conduct.

34. What's more, the false light caused the wrongful arrest and prosecution of the Plaintiff.

**WHEREFORE**, Plaintiff, Mamadou Sow requests judgment against the Amazon Defendants for compensatory damages, punitive damages, and any other amount recoverable under the law, said amount being in excess of $75,000.00.

**Count 4: Malicious Prosecution**
**Mamadou Sow v. All Defendants**

35. Plaintiff reincorporates all preceding paragraphs.

36. The Amazon Defendants and/or their employees recklessly instituted or recklessly caused the institution of criminal proceedings without any reasonable basis.

37. Specifically, the incorrect information given to law enforcement was necessarily a cause of the arrest and prosecution of Mamadou Sow and provided evidence that was necessary to initiate a prosecution against him.

38. While Amazon Defendants and/or their employees are not prosecuting authorities, the incorrect information provided formed a necessary part of the prosecution against Mamadou Sow.

39. The action was motivated by malice and/or was not supported by probable cause.

40. The action was terminated favorably to the Plaintiff.

41. Plaintiff still has a criminal record which affects his reputational standing and

ability to earn money.

42. Plaintiff suffered emotional damage, financial damage and damage to his reputation as a result of the Defendants' conduct.

**WHEREFORE**, Plaintiff, Mamadou Sow requests judgment against the Amazon Defendants for compensatory damages, punitive damages, and any other amount recoverable under the law, said amount being in excess of $75,000.00.

**Count 5: False Imprisonment**
**Mamadou Sow v. All Defendants**

43. Plaintiff reincorporates all preceding paragraphs.

44. The Amazon Defendants and/or their employees caused the constraint of Plaintiff without legal justification.

45. Specifically, the false information given to police was a direct and proximate cause of Plaintiff's arrest.

46. Without the information furnished by the Amazon Defendants and/or their employees to law enforcement, there would have been basis for law enforcement to arrest Plaintiff.

47. Said arrest was effectuated against Plaintiff's will and was highly offensive and embarrassing to Plaintiff.

48. Said arrest was unlawful insofar as there was no proper legal authority or legal justification to cause Mr. Sow to be arrested.

49. Said arrest resulted in a criminal record that still plagues Plaintiff.

50. There was no probable cause to believe Mr. Sow was engaged in criminal activity.

51. Ultimately, Plaintiff was released from custody and the prosecution initiated in connection with his arrest terminated in his favor.

52. Plaintiff suffered emotional damage, financial damage and damage to his reputation as a result of the Defendants' conduct.

**WHEREFORE**, Plaintiff, Mamadou Sow requests judgment against the Amazon Defendants for compensatory damages, punitive damages, and any other amount recoverable under the law, said amount being in excess of $75,000.00.

Respectfully submitted:

Date: August 5, 2026

*/s/ Jason Javie*

**JASON JAVIE**
**Attorney for Mamadou Sow**
N.J. Attorney I.D. 02604-2010
523 Cooper Street
Camden, New Jersey 08102
856-782-1007
jason@javielaw.com